ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JORGE LUIS AROCHO RIVERA<br><br>Peticionario<br><br>v.<br><br>LOURDES VARGAS RIVERA<br><br>Recurrida | TA2025CE00030 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.<br>E FI2018-0017<br><br>Sobre: Filiación |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, hoy 7 de agosto de 2025.

Comparece por derecho propio el demandante y peticionario, Lcdo. Jorge Arocho Rivera (licenciado Arocho Rivera), mediante un recurso discrecional de *certiorari*. Solicita nuestra intervención para revocar la *Orden* dictada el 3 de junio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). En el referido pronunciamiento, el TPI dispuso que no tenía nada que disponer, en respuesta al escrito judicial instado por el peticionario, el cual intituló *Moción para que se ordene a la demandada a notificar escrito presentado*. Ello, en alusión a una *Moción Urgente* incoada por la parte demandada y recurrida, la Sra. Lourdes Vargas Rivera (señora Vargas Rivera), representada por la Lcda. Nilsa García Cabrera (licenciada García Cabrera).

**I.**

Las partes litigantes del título son los progenitores de la menor L.I.A.V. En lo que atañe, el licenciado Arocho Rivera plantea en su recurso que el TPI ha sido renuente en atender sus reclamos para que la señora Vargas Rivera y el Departamento de la Familia le notifiquen determinados escritos judiciales.[1]

---

[1] Para las determinaciones judiciales relacionadas con las comparecencias del Departamento de la Familia, véase el Apéndice del peticionario, págs. 5, 7, 8, 11, 13.

En cuanto a lo que respecta a la decisión interlocutoria aquí impugnada, surge del expediente que, con anterioridad, el TPI había notificado una *Orden*,[2] en atención a una *Moción Urgente* interpuesta por la recurrida. En ésta, el TPI consignó que las relaciones paterno filiales continuaban suspendidas, hasta que la Casa Albizu rindiera su informe.[3] Toda vez que el peticionario alegó que la referida moción de la recurrida no le fue notificada, al día siguiente, cursó un correo electrónico a la representación legal de la señora Vargas Rivera para requerirle el escrito en las próximas 24 horas.[4] Luego que se hiciera caso omiso a su solicitud, el 29 de mayo de 2025, el licenciado Arocho Rivera presentó ante el TPI una *Moción para que se ordene a la demandada a notificar escrito presentado*, a la que unió el mencionado correo electrónico.[5] En torno a este asunto, el TPI expresó el 3 de junio de 2025 lo siguiente: "Nada que disponer en este momento".[6]

Inconforme, el 24 de junio de 2025, el peticionario acudió ante este foro intermedio y señaló la comisión de un error:

> ERRÓ EL TPI AL NEGARSE A ORDENAR QUE ESCRITOS PRESENTADOS ANTE SU CONSIDERACIÓN SEAN DEBIDAMENTE NOTIFICADOS AL APELANTE [*sic*] SIENDO ESTO UN ABUSO DE SU DISCRECIÓN Y UNA CLARA VIOLACIÓN AL DEBIDO PROCESO DE LEY.

El 2 de julio de 2025 emitimos una *Resolución* para procurar la postura de la señora Vargas Rivera a presentarse el día 9 de julio de 2025. Transcurrido en exceso el plazo decretado, damos por perfeccionado el recurso sin el beneficio de su comparecencia.

---

[2] Apéndice del peticionario, pág. 4.
[3] De conformidad con la *Minuta* de la vista de 5 de diciembre de 2024, se presentaron dos referidos en el Departamento de la Familia (10511411 y 10511818) en contra del licenciado Arocho Rivera por presuntos actos lascivos contra dos menores, incluyendo a L.I.A.V. Al presente, estos asuntos se encuentran ante la atención de la Casa Albizu de Cupey, de la Universidad Carlos Albizu. Refiérase a la regrabación de la vista de 11 de marzo de 2025, 0:01:00-0:11:15, y al Apéndice del caso KLAN202500428.
[4] Apéndice del peticionario, pág. 3.
[5] Apéndice del peticionario, págs. 2-3.
[6] Apéndice del peticionario, pág. 1.

## II.

### A.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, **el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional**. *García v. Padró, supra*. El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra*.

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita taxativamente las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. En su parte pertinente, la norma dispone que, por excepción, estamos autorizados a

expedir un recurso de *certiorari* en los **casos de relaciones de familia**. *Id.* Añade la norma procesal que, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". *Id.*

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40.

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) **Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho**.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) **Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio**.
>
> (G) **Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia**. (Énfasis nuestro).

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que*

*incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**B.**

En nuestra jurisdicción, se reconoce **el derecho del ciudadano a un debido proceso de ley** en toda actuación en la que el Estado intervenga con su vida, su libertad o su propiedad. Tal prerrogativa se consagra en el Artículo II, Sección 7, de la Constitución de Puerto Rico y en las Enmiendas V y XIV de la Constitución de los Estados Unidos. Const. de P.R., Art. II, Sec. 7, LPRA, Tomo 1; Const. EE. UU., LPRA, Tomo 1. El debido proceso de ley es el "derecho de toda persona a tener un proceso justo y con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo". *Com. PNP v. CEE et al. III*, 196 DPR 706, 713 (2016). En su vertiente procesal, el debido proceso de ley le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea **justo y equitativo**. *Aut. Puertos v. HEO*, 186 DPR 417, 428 (2012). En virtud de ello, es norma firmemente asentada de que en todo procedimiento adversativo debe satisfacer los siguientes requisitos: "(1) **una notificación adecuada del proceso**; (2) un proceso ante un juez imparcial; (3) **la oportunidad de ser oído**; (4) **el derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra**; (5) tener asistencia de abogado, y (6) que la decisión se fundamente en la evidencia presentada y admitida en el juicio". (Énfasis nuestro). *Natal Albelo v. Romero Lugo*, 206 DPR 465, 509 (2021); *Román Ortiz v. OGPe*, 203 DPR 947, 954 (2020).

**III.**

En este caso, el peticionario alega que el TPI abusó de su discreción al permitir la presentación de escritos y disponer de éstos, sin que los mismos le hayan sido notificados, privándole de un debido proceso de ley. Sostiene que es irrazonable que el TPI se niegue a ordenar la notificación de los

mismos. Asimismo, imputa un presunto prejuicio del TPI en su contra "por las alegaciones falsas de actos lascivos"; [7] y argumenta que ello no menoscaba su derecho a la notificación adecuada.

Es sabido que, como principio fundamental del debido proceso de ley, se ha consagrado el derecho de toda persona a tener una notificación adecuada del proceso que le compete, así como a ser oído, previo a cualquier acción del Estado que intervenga con algún interés protegido. En esta causa en particular, según surge palmariamente de la vista celebrada el 11 de marzo de 2025, [8] así como del expediente que revisamos, el TPI tiene conocimiento del proceder de la licenciada García Cabrera de no notificar o notificar tardíamente al peticionario de los asuntos concernientes a L.I.A.V., en contravención a las normas procesales que rigen los casos civiles. Por ello, el TPI está compelido a remediar el incumplimiento, para garantizar un proceso justo y equitativo para todas las partes concernidas.

Por un lado, la Regla 62.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 62.1, sobre vistas, órdenes en cámara y expedientes, estatuye que "[l]a información sobre los expedientes de los casos que por ley o por el tribunal, a iniciativa propia o a solicitud de parte, se disponga su confidencialidad, así como las copias de éstos, podrán ser mostradas o entregadas sólo a personas con legítimo interés...". Más adelante, la norma aludida establece que las partes del pleito son personas con legítimo interés y que éstas no tienen que presentar una solicitud para que se les permita el acceso a los expedientes judiciales. *Id.* Afín a lo pronunciado, la Regla 67 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.7, que versa sobre cuándo se requiere la notificación, dispone, en lo pertinente, que "todo escrito presentado por las partes será notificado a todas las partes". Añade que la notificación de los escritos se efectuará el mismo día en que se presente. *Id.*

---

[7] Véase, *Certiorari*, pág. 9 y nota al calce 3 de esta *Sentencia.*
[8] Refiérase a la regrabación de la vista de 11 de marzo de 2025, 0:15:45-0:18:30.

A tales efectos, es forzoso colegir que, independientemente de las alegaciones que son objeto de investigación y la primacía de protección de la menor, al licenciado Arocho Rivera le asiste el derecho a un debido proceso de ley. En particular, el peticionario tiene derecho a ser notificado de todos los escritos judiciales que se presenten en el caso confidencial del epígrafe, así como de las determinaciones que emita el TPI. Sin embargo, el licenciado Arocho Rivera se ha visto obligado a requerir el acceso a documentos que no le han sido notificados; y en respuesta, el TPI respondió que no tenía "[n]ada que disponer en este momento".

Concluimos que, dada la preeminencia del debido proceso de ley, la disposición recurrida es contraria a Derecho y un error manifiesto. Por consiguiente, toda vez que la Regla 52.1 de Procedimiento Civil, *supra*, autoriza nuestra intervención por tratarse de un caso de familia, y no se causa un fraccionamiento ni una dilación indeseable, decidimos expedir el auto discrecional para evitar un fracaso de la justicia.

**IV.**

Por los fundamentos expuestos, expedimos el recurso de *certiorari* y revocamos la *Orden* recurrida. En consecuencia, ordenamos al Tribunal de Primera Instancia, Sala de Caguas, a que tome las medidas cautelares y necesarias para la notificación a las partes de todos los escritos presentados en el caso.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones